UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                       Case Number: 08-20677
                                                       Honorable Julian Abele Cook, Jr.

JOSE ALFREDO NAVARRETE JIZCANO,

        Defendant.

ORDER

On June 6, 2011, the Court entered an order in which it denied a request by the Defendant, Jose Alfredo Navarrette Jizcano, to (1) vacate his criminal conviction and sentence pursuant to 28 U.S.C. § 2255, and (2) reduce his sentence as authorized by 18 U.S.C. § 3582(c)(2). Feeling aggrieved by this decision, the Defendant has now filed a notice of appeal with the Sixth Circuit Court of Appeals.

When a district judge enters a final order which is adverse to a defendant in an action that was filed under 28 U.S.C. § 2255, Fed. R. App. P. 22(b) prohibits him from appealing the order unless the court issues a certificate of appealability. *See also,* 28 U.S.C. § 2253(c)(1)(B). According to federal law, a certificate of appealability may be issued only if the defendant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to satisfy this burden, the defendant must establish "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Thus, a petitioner - such as Jizcano - must demonstrate that

1

reasonable jurists would find the assessment of the constitutional claims by this Court to be debatable or wrong. *Id.* In light of the facts of this case – especially when considered against settled and controlling precedent by the Supreme Court and the Court of Appeals for the Sixth Circuit – reasonable jurists would not find the resolution of the constitutional issues within the now-challenged June 6th order to be debatable or wrong.

In rendering its decision, the Court relied, in part, on two cases that were resolved by the Supreme Court several years ago; namely, (1) *Almendarez-Torres v. United States,* 523 U.S. 224, 226-27 (1998), which rejected the jurisdictional argument that was subsequently raised by Jizcano[1] during his appearance before this Court, and (2) *Strickland v. Washington,* 466 U.S. 668 (1984), which requires a showing of prejudice from any claimed deprivations of the effective assistance of counsel. These Supreme Court decisions, in the judgment of this Court, quite clearly addressed and resolved Jizcano's claims. Hence, the Court does not believe that reasonable jurists would debate or conclude that Jizcano's claims should have been, or would have been, resolved in a different manner.

Moreover, when turning to Jizcano's contention that he was denied equal protection because of the absence of a fast-track program in this district, there is a good probability that neither the Sixth Circuit nor other jurisdictions would find an equal protection violation under the circumstances of this case. *See, e.g. U.S. v. Lopez,* ___ F.3d ___, Nos. 10-1833, 10-2415, 10-2519, 2011 WL 2409306 (3rd Cir. June 16, 2011) (rejecting equal protection challenge to the absence of a fast-track program because 'the DOJ's authorization of fast-track programs is rationally related to

---

[1] Although the jurisdictional issue focused mainly on the text of 8 U.S.C. § 1326(b)(2), the *Almendarez-Torres* Court considered the constitutional implications of its analysis.

the permissible goals of efficiently enforcing the immigration laws and allocating prosecutorial resources where they are most needed."); *U.S. v. Gaytan,* 226 F. App'x. 519, 521-22 (6th Cir. 2007) (affirming district court's finding that rational basis scrutiny applied to equal protection analysis, and that the Government has a legitimate interest in conserving and allocating law enforcement resources in fast-track districts); *See also U.S. v. Ruiz-Chavez*, 224 F. App'x. 467, 469 (6th Cir. 2007); *United States v. Rodriguez,* 523 F.3d 519, 526-27 (5th Cir.)*; United States v. Campos-Diaz*, 472 F.3d 1278, 1280 (11th Cir.2006); *United States v. Marcial-Santiago*, 447 F.3d 715, 719 (9th Cir.2006); *U.S. v. Barragan-Flores*, 182 F. App'x. 576, 577 (7th Cir. 2006). Nevertheless, the Court acknowledges the existence of those authors who argue that the disparate treatment between defendants in fast-track and non-fast-track jurisdictions violates fundamental liberty interests protected by the due process clause of the Fifth Amendment. *See, e.g.* Erin T. Middleton, *Fast-Track to Disparity: How Federal Sentencing Policies Along the Southwest Border are Undermining the Sentencing Guidelines and Violating Equal Protection*, 2004 Utah L. Rev. 827 (2004). Because there is a possibility that reasonable jurists could debate whether Jizcano's petition should be granted on the basis of this argument, the certificate of appealability will be granted as to this issue.

Finally, inasmuch as the Court did not reach the constitutional dimensions (ex-post facto clause issues) of the Defendants' arguments regarding the alleged improper enhancement of his sentence with a fifteen-year old felony, Jizcano's request for a certificate of appealability on this claim will be granted.[2]

---

[2] The Court notes that Jizcano's pleadings did not develop the basis for his ex-post facto violation claim in this case.

IT IS SO ORDERED.

Dated: August 9, 2011                  s/Julian Abele Cook, Jr.
      Detroit, Michigan               JULIAN ABELE COOK, JR.
                                       United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participant on August 9, 2011.

JOSE ALFREDO NAVARRETE JIZCANO Pris. No. 16771-051 B-2 at N.E. OCC/CCA 2240 Hubbard Road, Youngstown, OH 44501.

                                                           s/ Kay Doaks
                                                           Case Manager